## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

CHARLES ADAM FIECHTNER, SR.,         CV 11-10-M-DWM-JCL

          Plaintiff,

                             ORDER

    vs.

COOKIES MARKET/GARSON,
CHARLES MESSINA, SR., and
ALBERT MESSINA,

          Defendants.

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

On January 20, 2011, Plaintiff Charles Fiechtner, Sr. filed a Complaint together with a Motion to Proceed In Forma Pauperis under 28 U.S.C. § 1915(a). Fiechtner is proceeding pro se in this action.

A court may grant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for himself and his family.  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  It is well established that the district court has discretion in determining whether a litigant is entitled to proceed in forma pauperis.  *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

The Court finds Fiechtner's Motion to Proceed In Forma Pauperis is incomplete, and does not provide the Court with sufficient financial information to determine whether he is eligible for the "privilege" of proceeding in forma pauperis. *Weller*, 314 F.2d at 600. Fiechtner has failed to provide answers to some of the questions asked on the application form, and some of the information he has provided is vague.

The Court notes that Fiechtner has seven other recently filed lawsuits pending in this Court identified as follows:

> *Fiechtner v. GEICO Ins., et al.*, CV 11-6-M-DWM-JCL
> *Fiechtner v. Peevey, et al.*, CV 11-7-M-DWM-JCL
> *Fiechtner v. Motor Vehicle Commission, et al.*, CV 11-12-M-DWM-JCL
> *Fiechtner v. Bio Life Plasma, et al.*, CV 11-13-M-DWM-JCL
> *Fiechtner v. Maricopa Integrated Health System Emergency, et al.*,
>   CV 11-14-M-DWM-JCL
> *Fiechtner v. Goldberg and Osborne, et al.*, CV 11-15-M-DWM-JCL
> *Fiechtner v. Highland Park Apts., et al.*, CV 11-16-M-DWM-JCL

Fiechtner's in forma pauperis applications filed in these referenced cases are similarly incomplete. By Order entered January 31, 2011, and filed in *Fiechtner v. Peevey, et al.*, CV 11-7-M-DWM-JCL, the Court has directed Fiechtner to file a new in forma pauperis application on a form provided to him by the Court. Once Fiechtner files his new application in that case the Court will deem it as filed in each of Fiechtner's referenced cases for purposes of assessing Fiechtner's eligibility for proceeding in forma pauperis in those cases.

Despite the information missing from Fiechtner's present Motion to Proceed In Forma Pauperis, the Court finds that his motion and declaration otherwise satisfy the showing required by 28 U.S.C. § 1915(a).  Because it appears Fiechtner may lack sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Motion to Proceed In Forma Pauperis is **CONDITIONALLY GRANTED**, subject to Fiechtner's compliance with the provisions of the January 31, 2011 Order entered in CV 11-7-M-DWM-JCL requiring him to file the Long Form application.  At this juncture, this action may proceed without prepayment of the filing fee, and the Clerk of Court shall file Fiechtner's Complaint as of January 20, 2011.

Following review of Fiechtner's Long Form application the Court will reconsider whether he remains eligible to proceed in forma pauperis.  If Fiechtner fails to file the Long Form, the conditional grant of his Motion to Proceed In Forma Pauperis will be subject to revocation.

Pending further review of Fiechtner's financial condition, the Court will proceed to consider whether his Complaint is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2) below.  The federal statute under which leave to proceed in forma pauperis is permitted requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint.  The statute states as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal–

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review Fiechtner's Complaint to consider whether it can survive dismissal under these provisions.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Fiechtner's Complaint advances causes of action which he identifies as "identity theft, fraud, [and] sexual assault" which occurred in 1998.  For his supporting facts Fiechtner simply states:  "sexually assaulted, ha[rass]ment, stalking[.]"  Fiechtner does not describe any further facts in support of his claims.  Fiechtner proceeds to describe injuries he has allegedly suffered, and for his relief he seeks "justice."

In the caption of the Complaint, Fiechtner identifies "Cookies Market/Garson" in New Jersey as the Defendant.  But no operative allegations are

made against "Cookies Market/Garson" in the body of the Complaint.  Rather, in
the body of his Complaint Fiechtner identifies Charles Messina, Sr. And Albert
Messina as the Defendants, but does not describe those individuals' specific
involvement.  Fiechtner has not stated any facts describing what each Defendant
did which Fiechtner believes gives rise to their liability.

## III.  DISCUSSION

Because Fiechtner is proceeding pro se the Court must construe his pleading
liberally, and the pleading is held "to less stringent standards than formal
pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See
also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has
authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the
> pleading was made, unless it determines that the pleading could not possibly
> be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*,
58 F.3d 494, 497 (9th Cir. 1995)).

## A. **Jurisdiction**

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2)

above, to avoid dismissal Fiechtner's Complaint must set forth sufficient

allegations to invoke the jurisdiction of this Court.  Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction.  They possess only that
> power authorized by Constitution and statute[.]... It is to be presumed that a
> cause lies outside this limited jurisdiction,... and the burden of establishing
> the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations

omitted).  A plaintiff bears the burden to establish jurisdiction.  *Farmers Ins. Ex. v.*

*Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).  Absent

jurisdiction, a case is subject to dismissal.  Fed. R. Civ. P. 12(h)(3).

Furthermore, the federal courts are obligated to independently examine their

own jurisdiction.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  And

a district court may dismiss an action sua sponte whenever it appears that

jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-

9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving

diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331),

---

[1] Pro se litigants are "bound by the rules of procedure."  *Ghazali v. Moran*, 46
F.3d 52, 54 (9th Cir. 1995).

6

or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346).

Sections 1345 and 1346 are not applicable in this case because the United States is

not a party to this action.

Federal question jurisdiction requires that the plaintiff's civil action must

arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. §

1331.  Fiechtner's allegations do not give rise to federal question jurisdiction —

his allegations do not suggest that any defendant was acting under color of state

law and violated any of Fiechtner's federally protected rights.  *See* 42 U.S.C. §

1983.  Thus, federal question jurisdiction does not exist.

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity

of citizenship between the plaintiff and each of the defendants.  *Williams v. United*

*Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v.*

*Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)).  Each plaintiff must be a

citizen of a different state than each of the defendants.  *Morris v. Princess Cruises,*

*Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Fiechtner has not plead any facts establishing either his citizenship, or the

citizenship of each Defendant he intends to sue in this action.  Therefore,

Fiechtner has not presented sufficient information on which the Court can assess

whether diversity jurisdiction exists under 28 U.S.C. § 1332.

7

**B.  <u>Venue</u>**

Federal law at 28 U.S.C. § 1391 sets forth the rules for determining the proper venue for cases filed in the federal courts.  In general, the proper venue for an action in federal court is "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, [...] (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.[,]" or (4) "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a) and (b).

Under the circumstances of this case, Fiechtner's allegations do not establish that venue is proper in Montana under any of the alternative provisions of § 1391.  Fiechtner does not allege that all Defendants reside in the District of Montana.  Additionally, at this stage of the pleadings Fiechtner's allegations do not establish that all of the events or omissions that are the subject of this lawsuit occurred in the State of Montana.  Instead, Fiechtner's allegations suggest the operative events or omissions occurred in the State of New Jersey.  Finally,

8

Fiechtner's allegations do not invoke the venue provisions in alternatives (3) or (4) listed above.

Absent sufficient allegations establishing that the District of Montana is the proper venue for this action, this lawsuit is subject to transfer or dismissal based on improper venue as provided under 28 U.S.C. § 1406(a).  The district court has discretion in determining whether to either dismiss or transfer an action under § 1406(a).  *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

## C. <u>Short and Plain Statement of Jurisdiction, Claims and Relief</u>

Fiechtner is advised that Federal Rules of Civil Procedure Rule 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."  Fed. R. Civ. P. 8(a).  For purposes of stating a claim for relief, a pleading need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Fiechtner must provide short and plain statements advising the Court of the following:

> (1) what it is that Cookies Market/Garson, Charles Messina, Sr., and Albert Messina each did or failed to do.  Fiechtner shall explain each Defendant's role in the events which give rise to this lawsuit; and

> (3) what injury Fiechtner suffered as a result of each Defendant's conduct.

Additionally, Fiechtner must set forth factual allegations establishing this Court's jurisdiction. Specifically, Fiechtner shall expressly plead facts establishing diversity of citizenship, and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Fiechtner shall identify the State of which each Defendant is a citizen.

Finally, Fiechtner must plead facts which establish that the District of Montana is the proper venue for this action. Specifically, Fiechtner shall identify:

> (1) the State in which Defendants Cookies Market/Garson, Charles Messina, Sr., and Albert Messina each reside; and

> (2) the State in which the events or omissions giving rise to his claims occurred.

## IV. CONCLUSION

Based on the foregoing, the Court finds Fiechtner's Complaint, as presently pled, is subject to dismissal for lack of jurisdiction, improper venue, and for failure to state a claim on which relief could be granted. In view of Fiechtner's pro se status, however, the Court will afford him an opportunity amend his allegations to cure the defects noted in this Order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that on or before **February 11, 2011,** Fiechtner shall file an amended complaint. The Clerk of Court is directed to provide him with a form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Fiechtner's amended complaint shall set forth a

10

short and plain statement of (1) his claims against each individual defendant showing that he is entitled to relief, (2) the grounds for the court's jurisdiction over this action, and (3) the facts which indicate that the District of Montana is the proper venue for this lawsuit.

At all times during the pendency of this action, Fiechtner shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Fiechtner is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 1st day of February, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

11